JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10579 PA (JEMx) | Date | January 8, 2020 |
|---|---|---|---|
| Title | Arman Maldini v. Ford Motor Company et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Ford Motor Company ("Defendant"). (Docket No. 1.) The Notice alleges the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. For the reasons discussed below, the Court remands this case to the Superior Court of California for the County of Los Angeles because the Notice of Removal was untimely.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

"The Defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). When "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of its removal. "[C]ourts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant." Robertson v. Orkin Exterminating Co., 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (collecting cases).

The present action was initiated in Los Angeles Superior Court on April 30, 2019 when Plaintiff Arman Maldini ("Plaintiff") filed a complaint against Defendant and Galpin Motors, Inc. ("Galpin"). At

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10579 PA (JEMx) | Date | January 8, 2020 |
|---|---|---|---|
| Title | Arman Maldini v. Ford Motor Company et al. | | |

that time, federal subject matter jurisdiction based on diversity of citizenship did not exist because it appears that both Plaintiff and Galpin are California citizens. (See Docket 1 ¶20; Docket No. 1-1 at 4, ¶5.) On October 11, 2019, Plaintiff filed a Request for Dismissal that dismissed Galpin without prejudice from the action. (Docket No. 1-1 at 207.) On December 13, 2019, Defendant filed a Notice of Removal on December 13, 2019. (Docket No. 1.)

Defendant now argues there is federal subject matter jurisdiction because Plaintiff is a California citizen and Defendant is a citizen of Delaware and Michigan. (Docket No. 1 ¶¶20-21.) However, Defendant has failed to adequately establish that its Notice of Removal is timely. Defendant filed the Notice of Removal 63 days after Plaintiff filed the Request for Dismissal that created new grounds for federal subject matter jurisdiction. Defendant alleges that its 30-day window to remove began to run when it "retrieved a court-endorsed version" of Plaintiff's Request for Dismissal of Galpin "from the website of Los Angeles Superior Court on November 13, 2019." (Id. at ¶2.) Defendant therefore believes the Notice of Removal "is timely because it is being filed within 30 days after Ford's receipt of the court-endorsed Request for Dismissal of Galpin." (Id. at ¶3.)

However, Plaintiff's counsel informed the Court that he served Defendant with the Request for Dismissal of Galpin the same day he filed it, on October 11, 2019, and Defendant has admitted that he received it. The clerk of the Superior Court performed the ministerial task of entering the dismissal on October 11, 2019. Based on this information, the Court finds that Defendant's 30-day window to remove the case began to run when it was served the Request for Dismissal by Plaintiff on October 11, 2019. Defendant's filing of the Notice of Removal on December 13, 2019, was untimely and rendered it procedurally defective. See 28 U.S.C. § 1446.

Plaintiff's counsel has advised the Court that he does not waive the procedural defect. This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 19STCV15095, for failure to comply with the removal requirements of 28 U.S.C. § 1446.

IT IS SO ORDERED.